## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE SUNLIGHT FOUNDATION,<br>1440 G Street NW<br>Washington, DC 20005,<br><br>and<br><br>AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>                                  *Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES,<br>200 Independence Avenue SW<br>Washington, DC 20201<br><br>                                  *Defendant*. | Case No. 19-cv-659 |

## COMPLAINT

1.     Plaintiffs The Sunlight Foundation and American Oversight bring this action against the U.S. Department of Health and Human Services under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, Plaintiffs are deemed to have exhausted their administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and are now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff The Sunlight Foundation is a nonpartisan, non-profit section 501(c)(3) organization dedicated to using the power of information to promote government transparency. The Sunlight Foundation's Web Integrity Project (WIP) is primarily concerned with monitoring changes to federal websites. As part of this work, WIP publishes reports and creates public-facing resources to educate the public on changes to federal Web resources, and to advocate for clear and consistent Web management policies on federal government websites. The organization is incorporated under the laws of the District of Columbia.

6. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

7. Defendant the U.S. Department of Health and Human Services (HHS) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). HHS has possession, custody, and control of the records that Plaintiffs seek.

## STATEMENT OF FACTS

*Hager Sharp FOIA Request*

8. On March 28, 2018, the Sunlight Foundation and American Oversight jointly submitted a FOIA request to HHS seeking access to the following records:

> All communications (including email messages, text messages, instant messages, letters, memoranda or any other communications) sent to or from personnel of the firm Hager Sharp, including all electronic mail messages to or from the hagersharp.com domain, between January 1, 2017, and the date your search is conducted.

9. A copy of the Hager Sharp FOIA Request is attached hereto as Exhibit A and incorporated herein.

10. HHS assigned the Hager Sharp FOIA Request tracking number 2018-00802-FOIA-OS.

11. On April 2, 2018, HHS sought clarification regarding the Hager Sharp FOIA request. Specifically, HHS stated that the request was too broad as written and requested additional information regarding the HHS personnel who may have communicated with Hager Sharp.

12. A copy of HHS's clarification letter is attached hereto as Exhibit B and incorporated herein.

13. On April 5, 2018, Plaintiffs responded with the requested clarification. Specifically, Plaintiffs explained that the search should include "all individuals or offices involved in the management of [the womenshealth.gov] website," including but not limited to the Office on Women's Health, the Office of the Assistant Secretary for Public Affairs, the Office of the Secretary, the Office of the Assistant Secretary for Health, and the office of the Assistant Secretary for Administration.

14.     A copy of Plaintiffs' April 5, 2018 clarification email is attached hereto as Exhibit C and incorporated herein.

15.     Plaintiffs have not received any further correspondence from HHS regarding the Hager Sharp request.

*OWH FOIA Request*

16.     Also on March 28, 2018, the Sunlight Foundation and American Oversight jointly submitted a FOIA request to HHS seeking access to the following records:

> All communications (including email messages, text messages, instant messages, letters, memoranda or any other communications) sent to or from anyone in the Office on Women's Health regarding the womenshealth.gov website or any other websites hosting or containing content relating to the Office on Women's Health, between January 1, 2017, and the date your search is conducted.
>
> The search for responsive records should include all locations and individuals likely to contain responsive records, including but not limited to Nicole Greene, Beth A. Collins-Sharp, Jennifer Anne Bishop, and Adrienne Smith, and any other current and former leadership of the Office on Women's Health.
>
> We believe that a reasonable search would include at least the following search terms, but HHS should also use any other additional search terms or methods that it believes are likely to produce responsive records: "web," "website," "womenshealth.gov," "fact sheet," "A-Z health topics," and "ePublications."

17.     A copy of the OWH FOIA Request is attached hereto as Exhibit D and incorporation herein.

18.     HHS assigned the OWH FOIA Request tracking number 2018-00800-FOIA-OS.

19.     On April 2, 2018, HHS notified Plaintiffs that the OWH FOIA Request had been internally transferred and had been assigned PHS Case No. 18-0153-FOIA.

20.     Plaintiffs have not received any further correspondence from HHS regarding the OWH FOIA Request.

*OWH Follow-Up FOIA Request*

21. On June 29, 2018, the Sunlight Foundation and American Oversight sent an additional FOIA request to HHS, seeking access to the following records:

> All messages: (1) sent to or from the email address womenshealth@hhs.gov, or (2) submitted using the contact form on the Office on Women's Health's website, between January 1, 2017, and the date the search is conducted, to include any attachments to such messages.
>
> The search for responsive records should include all past URLs where the contact form for the Office on Women's Health's website could be found, including the URL at which it is currently hosted: https://www.womenshealth.gov/contact-us/email/.

22. A copy of the OWH Follow-Up FOIA Request is attached hereto as Exhibit E and incorporated herein.

23. HHS assigned the OWH Follow-Up FOIA Request tracking number 2018-01202-FOIA-OS.

24. Plaintiffs have not received any further correspondence from HHS regarding the OWH Follow-Up FOIA Request.

*Exhaustion of Administrative Remedies*

25. As of the date of this Complaint, HHS has failed to (a) notify Plaintiffs of any determination regarding Plaintiffs' FOIA requests, including the full scope of any responsive records the agency intends to produce or withhold and the reasons for any withholdings; or (b) produce all of the requested records or demonstrate that the requested records are lawfully exempt from production.

26. Through Defendant's failure to make determinations as to Plaintiffs' FOIA requests within the time period required by law, Plaintiffs have constructively exhausted their administrative remedies and seek immediate judicial review.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

27. Plaintiffs repeat the allegations in the foregoing paragraphs and incorporate them as though fully set forth herein.

28. Plaintiffs properly requested records within the possession, custody, and control of Defendant.

29. Defendant is an agency subject to and within the meaning of FOIA and must therefore make reasonable efforts to search for requested records.

30. Defendant has failed to promptly and adequately review agency records for the purpose of locating those records which are responsive to Plaintiffs' FOIA requests.

31. Defendant's failure to conduct adequate searches for responsive records violates FOIA.

32. Plaintiffs are therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to conduct adequate searches for records responsive to Plaintiffs' FOIA requests.

## COUNT II
## Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

33. Plaintiffs repeat the allegations in the foregoing paragraphs and incorporate them as though fully set forth herein.

34. Plaintiffs properly requested records within the possession, custody, and control of Defendant.

35. Defendant is an agency subject to and within the meaning of FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

36. Defendant is wrongfully withholding non-exempt agency records requested by Plaintiffs by failing to produce records responsive to their FOIA requests.

37. Defendant is wrongfully withholding non-exempt agency records requested by Plaintiffs by failing to segregate exempt information in otherwise non-exempt records responsive to their FOIA requests.

38. Defendant's failure to provide all non-exempt responsive records violates FOIA.

39. Plaintiffs are therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to their FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs respectfully request the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiffs' FOIA requests identified in this Complaint;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiffs' FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA requests;

(4) Award Plaintiffs attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant Plaintiffs such other relief as the Court deems just and proper.

Dated: March 8, 2019                    Respectfully submitted,

*/s/ Sara Kaiser Creighton*
Sara Kaiser Creighton
D.C. Bar No. 1002367

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5245
sara.creighton@americanoversight.org

*Counsel for Plaintiffs The Sunlight Foundation and American Oversight*